# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER ERNEST CHAVEZ, ) | 1:08-CV-01559 AWI SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING RESPONDENT'S MOTION |
| ) | TO DISMISS |
| v. ) | |
| ) | [Doc. #14] |
| ) | |
| K. MENDOZA-POWERS, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of San Francisco, following his conviction in 1993 of second degree murder with a weapon enhancement. See Petition at 2. Petitioner was sentenced to serve a total indeterminate term of 16 years to life in state prison. Id.

On October 24, 2006, Petitioner appeared at a parole consideration hearing. See Exhibit 1, Respondent's Motion to Dismiss ("Motion".) At the conclusion of the hearing, the Board of Parole

Hearings ("Board") determined Petitioner was unsuitable for parole. Id.

On February 10, 2008,[1] Petitioner filed a petition for writ of habeas corpus in the San Francisco County Superior Court. Id. The petition was denied on March 10, 2008. See Exhibit 2, Motion. Petitioner then filed a petition in the California Court of Appeals, and the petition was denied on April 25, 2008. See Exhibit 3, Motion. On June 2, 2008, Petitioner filed a petition in the California Supreme Court. See Exhibit 4, Motion. That petition was denied on November 12, 2008. Id.

On September 4, 2008, Petitioner filed the instant federal petition for writ of habeas corpus. On February 17, 2009, Respondent filed a motion to dismiss the petition for violating the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on March 2, 2009. Respondent filed a reply on March 12, 2009.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date that Petitioner signed and delivered it to prison authorities for filing. Houston v. Lack, 487 U.S. 266, 276 (1988).

standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on September 4, 2008, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In a situation such as this where the petitioner is challenging a parole determination, the Ninth Circuit has held that the statute of limitations commences when the parole board renders its decision.  Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies

in the context of parole decisions and that the parole board's denial is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period). Thus, the triggering event under § 2244(d)(1)(D) was the Board's October 24, 2006, decision denying parole. The limitations period therefore expired one year later on October 24, 2007. Petitioner did not file his federal petition until September 4, 2008, almost one year after the limitations period had expired.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

In this case, the statute of limitations began to run on October 25, 2006 and expired on October 24, 2007. Petitioner's state habeas petitions did not operate to toll the limitations period, because the limitations period had already expired by the time he filed his first petition. Once the limitations period has run, it cannot be revived by a collateral action. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). Therefore, the instant federal petition remains untimely.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections

U.S. District Court
E. D. California    cd                4

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 17, 2009**                    /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE